IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Yvette M. Cook**, | ) | C/A 2:12-1314-CWH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Dolgencorp, LLC and** | ) | |
| **Dolgencorp, Inc.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff asserting claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., and under state law for breach of contract. Rather than file an answer, the Defendant[1] immediately filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. , or for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff filed a memorandum in opposition to the Defendant's motion, the Defendant filed a reply memorandum, and Plaintiff filed a sur reply.

Defendant's motion is now before the Court for disposition.[2]

---

[1] While there are two (2) listed Defendants, the Defendant Dolgencorp, LLC represents in its motion that it is the only proper Defendant. Therefore, for purposes of Defendant's motion, the undersigned refers to the "Defendant" in the singular.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Plaintiff's Allegations**

Plaintiff alleges in her Complaint that she was employed by the Defendant, that the Defendant employs fifty (50) or more employees and is therefore an "employer" within the meaning of the FMLA, and that she was an eligible employee as defined in the FMLA. Complaint, ¶¶ 6-9. Plaintiff alleges that on or about April 15, 2009, she "entered into a contract" with the Defendant whereby the Defendant employed Plaintiff to work for an indefinite term as a sales associate. Plaintiff further alleges that the Defendant "had a handbook in place" which "created a contract between the Plaintiff and the Defendant [ ] for employment". Finally, Plaintiff alleges that she "signed a number of documents when she was hired" and "entered into a contract of employment" which indicated that she would "be paid for working". Plaintiff alleges that she was thereafter an "efficient and effective" worker. Complaint, ¶¶ 11-13.

Plaintiff alleges that she has a son who was born prematurely, and who as a result suffers from numerous "health issues". Plaintiff alleges that on April 30, 2010 she requested FMLA leave due to her son being hospitalized for breathing issues, and that she informed the Defendant that she would return around May 20, 2010. Complaint, ¶¶ 15-17. Plaintiff alleges that on or about May 20, 2010, Assistant Manager Bethany Jones called her and asked if she could work on May 20, 2010, which was a Thursday, even though Plaintiff was usually off on Thursdays because that is when her son has his physical and occupational therapy appointments. Plaintiff further alleges that on that date, May 20, 2010, she called into work because she was ill, but that when she tried to inform the Defendant that she was going to the doctor the Defendant "hung up on her". Complaint, ¶¶ 18-20. Plaintiff alleges that while she was at doctor, the Defendant left her a message that she had been



terminated. Complaint, ¶ 21. Plaintiff alleges that her dismissal was the result of retaliation for reporting problems and for requesting medical leave under the FMLA. Complaint, ¶ 24.

In her **First Cause of Action**, Plaintiff alleges a violation of the FMLA. Plaintiff alleges that she was entitled to take leave pursuant to the FMLA, and that the Defendant's discipline against her and discharge of her employment was a result of her having requested FMLA leave in violation of that statute. In her **Second Cause of Action**, Plaintiff alleges that the Defendant unlawfully retaliated against her for requesting FMLA leave. In her **Third Cause of Action**, Plaintiff alleges that the Defendant's conduct breached the contract of employment between her and the Defendant.

Plaintiff seeks monetary damages as well as certain injunctive and/or equitable relief. See generally, Complaint.

### Discussion

As noted, the Defendant argues entitlement to dismissal of Plaintiff's claims pursuant to Rule 12(b).³ When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

³While Defendant also seeks, alternatively, to have its motion considered as a Rule 56 motion for summary judgment, Plaintiff argues that it would be inappropriate to dismiss this case on summary judgment at this time, noting that the case is a new filing and there has been no discovery conducted. The undersigned agrees that a motion for summary judgment is manifestly premature at this time. Therefore, Defendant's motion has only been considered pursuant to the standards of Rule 12.



## I.

## (FMLA Claim)

The FMLA provides for twelve (12) weeks of unpaid leave per year for eligible employees. An "eligible employee" under the Act is an employee who has been employed for at least twelve (12) months by the employer with respect to whom leave is requested, and for at least one thousand two hundred and fifty (1,250) hours of service with such employer during the previous twelve (12) month period. 29 U.S.C. § 2611(2)(A). Defendant does not dispute that Plaintiff meets this standard. With respect to a request for leave, the FMLA allows an employer to take leave time to care for a family member; see 29 U.S.C. § 2912(a)(1)(C); and Plaintiff clearly alleges that she requested leave for this purpose.

Turning then to Plaintiff's First and Second causes of action, "[t]he FMLA creates two types of claims: interference claims, in which an employee asserts that [her] employer denied or otherwise interfered with [her] substantive rights under the Act, and retaliation claims, in which an employee asserts that [her] employer discriminated against [her] because [she] engaged in activity protected by the Act." Strickland v. Water Works and Sewer Bd. of City of Burmingham, 239 F.3d at 1199, 1206 (11th Cir. 2001); see Bone v. G4S Youth Services, LLC, 686 F.3d 948, 958 (8th Cir. 2012). Although Plaintiff has set forth two causes of action under the FMLA, Defendant argues in its motion that Plaintiff's actual claim is solely a retaliation claim, and therefore has only addressed Plaintiff's FMLA claim as a retaliation claim in its motion. In Plaintiff's response, she also addresses the merits of Defendant's motion by arguing the standards for an FMLA retaliation claim, and does not make any arguments with respect to an interference claim. Therefore, the undersigned



has only evaluated Plaintiff's claim as a retaliation claim in this Report and Recommendation.

In order to survive the Defendant's motion to dismiss on this claim, Plaintiff's allegations must be sufficient to reasonably infer a prima facie case of retaliation;[4] i.e., by showing that 1) she engaged in activity protected under the FMLA; 2) the Defendant took an adverse employment action against her; and 3) a causal connection exists between the protected activity and the adverse action.  Sisk v. Picture People, Inc., 669 F.3d 896, 900 (8th Cir. 2012); Butler v. IntraCare Hosp. North, No. 05-2854, 2006 WL 2868942, at * 5 (S.D.Tex. Oct. 4, 2006); Williams v. Cerberronics, Inc., 871 F.2d 452, 457 (4th Cir. 1989); Munday v. Waste Management of North America, Inc., 127 F.3d 239, 242 (4th Cir. 1997); see Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995)[The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged].[5]  Plaintiff clearly alleges that she engaged in protected activity by requesting FMLA leave; Complaint, ¶¶ 16-17; and that the Defendant took an adverse employment action against her by terminating her

---

[4]See Gladden v. Solis, No. 11-3120, 2012 WL 3009275 (3rd Cir. July 24, 2012)[To survive a motion to dismiss, Plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the prima facie case]; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); see also Johnson v. Scotts Co., No. 11-20, 2011 WL 6415521 at * 2 (S.D.Ohio Dec. 21, 2011)["To survive Defendant's motion to dismiss, [plaintiff] need only establish a prima facie case of discrimination."] (citing Cox v. Shelby State Comty. College, 48 Fed. Appx. 500, 506 (6th Cir. 2002).

[5]Although some of these cites discuss the standard for proving a race discrimination retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the standards applicable to lawsuits under Title VII are basically the same as the standards applicable to lawsuits under the FMLA, with the same caselaw being used to evaluate a claim under either statute. Joostberns v. United Parcel Servs., Inc., 166 Fed. Appx. 783, 790 (6th Cir. 2006)[Apply the same standard under FMLA]; Nyuyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)[Applying the same standard under Title VII].



employment; Id., ¶ 22; see Ainsworth v. Loudon County School Bd., ___ F.Supp.2d ___, 2012 WL 913633 (E.D.Va. 2012)["Adverse employment actions are those that negatively impact the terms, conditions, or benefits of employment, . . . ., termination being the quintessential example . . . ."].

With respect to whether Plaintiff has set forth a "plausible claim" that a causal connection exists between these two events, Plaintiff alleges that while she was out on FMLA leave the Defendant's Assistant Manager asked if she could return to work on a day when Plaintiff was usually already off dealing with her son's physical and occupational problems, and on which Plaintiff herself ended up being ill. Plaintiff alleges that when she tried to inform the Defendant that she would not be coming in that day, she was hung up on, with the Defendant then leaving her a message that she had been terminated. Complaint, ¶ ¶ 18-21. Plaintiff alleges that her termination was a result of her having to be out of work in violation of her rights under the FMLA. Complaint, ¶ ¶ 24, 26, 28-29, 33.

These allegations are sufficient to raise a plausible claim that Plaintiff was terminated due to her missed time at work, time that she was entitled to under the FMLA, to survive the Defendant's motion to dismiss Plaintiff's FMLA retaliation cause of action. Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009) [Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; see Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove



6

any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999);.

While the Defendant argues in its motion that Plaintiff's claim is without merit and that Plaintiff was not actually terminated until December 2, 2010, that is a defense to Plaintiff's claim, not a basis for a Rule 12 motion to dismiss.[6] Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 146 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]; see also Austen v. Cattertion Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."]. Obviously, if Plaintiff cannot produce sufficient evidence to establish this claim, it may still be dismissed at summary judgment. However, that is not a proper basis for dismissal at this early stage of the proceedings. Vogt, 318 F.Supp.2d at 146; see also Twombly, 550 U.S. at 555 [To survive a Rule 12 motion to dismiss, factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) ["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears

---

[6]The Defendant has submitted several affidavits and other exhibits to support this argument. However, while consideration of such evidence would be appropriate on a Rule 56 motion for summary judgment, any consideration of this evidence at this time, before Plaintiff has had an opportunity to obtain through discovery evidence to support her claims, would not be appropriate. These exhibits have therefore not been considered. See also, n. 3, supra.



to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

Therefore, the Defendant's motion to dismiss Plaintiff's FMLA retaliation claim should be denied.[7]

## II.

### (Breach of Contract Claim)

In her final cause of action, Plaintiff asserts a state law claim for breach of contract. Defendant contends that this claim is subject to dismissal for failure of the Plaintiff to allege with sufficient specificity that a contract existed between the parties. The undersigned agrees.

The necessary elements of a contract are an offer, acceptance, and valuable consideration. Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.C. 1997), citing Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993). With respect to employment, however, there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an

---

[7]As noted earlier, supra, the undersigned has evaluated Plaintiff's FMLA claim solely as a retaliation claim based on the allegations of the Complaint. To the extent Plaintiff has incorrectly split her FMLA retaliation claim into two (2) separate causes of action, or in the event her First Cause of Action is intended to be an interference claim that could otherwise be subject to dismissal for improper pleading, Plaintiff should be allowed to amend her Complaint to correct these deficiencies, particularly at such an early stage of the proceedings. Cf. Harmon v. Unisys Corp., 356 Fed. Appx. 638, 641 (4th Cir. Dec. 4, 2009)[Finding that although Plaintiff's complaint could have been more specific with regard to her claims, she should have been allowed to amend her complaint rather than having claims dismissed with prejudice]



employment contract beyond the at-will relationship . . . .". Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment'].

Plaintiff has failed to meet this standard. Rather, Plaintiff has only alleged in very general and conclusory terms that she "entered into a contract" with the Defendant. Plaintiff alleges that the Defendant had a handbook which "created a contract between the Plaintiff and the Defendant [ ] for employment" and that she also "signed a number of documents when she was hired and she entered into a contract of employment". Complaint, ¶ ¶ 11-13. Plaintiff then alleges that pursuant to this "contract" she was employed as a sales associate for an "indefinite term" for which she would be paid. Id. However, these allegations do not establish the existence of an employment contract, as any job is going to involve an offer (by the employer) and acceptance (by the employee), as well as the terms of the employment (things such as a starting salary, etc.). That does not, however, mean that Plaintiff had a "contract" for employment. Plaintiff has not alleged that she was hired to work for a definite term (indeed, she concedes the opposite) or that her obtaining a job with the Defendant had any other indices of a contract of employment, such as buyout provisions, right to severance pay, etc. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to

9



state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]. Therefore, Plaintiff's allegations fail to "establish the existence of an employment contract beyond the at-will relationship . . ." Perrine, 2011 WL 3563110, at * 2.

In her response brief, Plaintiff correctly notes that an employee's at-will employment status can be altered by a Defendant's conduct, including language in an employee handbook, and then proceeds to cite passages from what is represented to be the Defendant's employee handbook, a copy of which is attached to her response brief as Exhibit B. However, Plaintiff's arguments do not save her contact claim from dismissal.

First, as discussed hereinabove, Plaintiff's Complaint fails to include any factual allegations relating to language from any handbook to establish a plausible claim "on its face" that she was not an at-will employee. Iqbal, 129 S.Ct. at 1949. Plaintiff makes no reference to any specific language from the handbook which would support the necessary elements of a handbook claim. Rather, Plaintiff simply alleges that she entered into a contract of employment because the Defendant had a handbook and because she signed various paper upon being hired. Complaint, ¶¶ 11-13, 39-41. Such general and conclusory allegations are not sufficient to state a claim for breach of contract under the applicable law and standards. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Perrine, 2011 WL 3563110 [Handbook contract claim dismissed where claim in complaint only stated in general and conclusory terms]; see Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New

10



Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

        Further, even if the Court were to consider the handbook that Plaintiff has now provided as an exhibit to her response brief,⁸ Plaintiff's breach of contract claim still fails. Under South Carolina law, for language in an employee handbook to create binding contractual obligations, the cited provisions or policies must be drafted in sufficiently mandatory terms to give rise to a reasonable expectation on the part of the employee of continued employment. See Small v. Springs Industries, Inc., 357 S.E.2d 452, 455 (S.C. 1987). While Plaintiff argues that the handbook contains "mandatory language" sufficient to state a plausible claim for relief for breach of contract, the passages Plaintiff cites to in her brief are merely instructions to employees addressing such topics as what type of conduct is permitted and not permitted while at work, grooming requirements, employee benefits, how employee pay is handled, etc. The undersigned has both reviewed the examples cited by Plaintiff in her brief as well as undertaken an independent review of Plaintiff's exhibit [the employee handbook], and does not find any language sufficient to establish even a plausible claim that Plaintiff had a "contract" of employment by virtue of this handbook. Cf. Small, 357 S.E.2d at 455 [only policy drafted in sufficiently mandatory terms may serve to alter at-will employment status]; Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 21-22 (S.C.Ct. App. 2006); Wadford v. Hartford Fire Ins. Co., No. 87-2872, 1988 WL 492127 at *5 (D.S.C. 1988) ["A review

---

⁸In addition to factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any document that is "integral to and explicitly relied on in the complaint." Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

11



of the relevant authorities... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status. Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."]; Storms v. Goodyear Tire & Rubber Co., 775 F.Supp. 862, 867 (D.S.C. 1991) [noting that language cited by the employee was "not couched in mandatory terms and [did] not contain language that specifically [limited] the employer's right to demote or terminate [the Plaintiff] without cause"]; Horton v. Darby Electric Co., Inc., 599 S.E.2d 456, 460-461 (S.C. 2004) [Manual containing progressive disciplinary procedure did not alter employee's at-will status]. Additionally, the alleged breach of the contract in this case would be the Defendant's alleged violation of the handbook's anti-discrimination policy. See Exhibit B to Plaintiff's Memorandum in Opposition (Court Docket No. 11-2, pp. 6-8). Such policies have been routinely held not to, by themselves, constitute a contract. Cf. Ford v. Musashi S.C., Inc., No. 07-3734, 2008 WL 4414385 (D.S.C. Sept. 23, 2008), adopting in part and denying in part, 2008 WL 4414497, at * 3 (D.S.C. July 11, 2008)["[U]nder South Carolina law where an employee handbook provides a general policy statement of nondiscrimination such a 'provision does not constitute a promise altering the at-will employment relationship'"]; Fyall v. ATC/Ancom of South Carolina, No. 04-23086, 2005 WL 2656962, at * 4 (D.S.C. Oct. 18, 2005] [same]; Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005), citing McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 1003 (D.Minn. 1999) and Cherella v. Phoenix Technologies, Ltd., 586 N.E.2d 29, 31 (Mass. 1992).

Finally, it is also important to note that South Carolina has provided by statute that an employee handbook will not constitute an express or implied contract of employment if the

12



handbook contains an appropriate disclaimer. See S.C.Code Ann. § 41-1-110. Here, the handbook provided by the Plaintiff does contain such a disclaimer, specifically providing in underlined language (as part of the introductory portion of the handbook wherein the employee acknowledges receipt of the handbook) that the employee understands that:

> Unless otherwise agreed in writing signed by an officer of the company and subject to any applicable law, all Dollar General employees are employed on an at-will basis. This means that employment is not guaranteed for any specific duration of time, and Dollar General retains the right to terminate an individual's employment at any time, with or without cause. No oral representations made by a Dollar General employee with respect to continued employment can alter this relationship. Likewise, no statement made in this handbook is intended to alter the at-will nature of employment with Dollar General.

See Exhibit B to Plaintiff's Memorandum in Opposition (Court Docket No. 11-2, p. 4); cf. Marr v. City of Columbia, 416 S.E.2d 615, 616 (1992) [where employer conspicuously disclaims the handbook as a contract and the parties have not waived the disclaimer, summary judgment for the employer on the issue of whether the handbook forms an employment contract is appropriate] [Rule 56 motion].

Therefore, the Defendant is entitled to dismissal of this cause of action. Amazon, 2011 WL 1100169, at * 6; see also Harper, 423 F.Supp. at 196 ["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss Plaintiff's breach of contract claim be **granted**, but that Defendant's motion to dismiss Plaintiff's

13



FMLA retaliation claim be **denied.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 30, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

