IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Yvette M. Cook, | ) | Civil Action No.: 2:12-01314-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Dolgencorp, LLC and | ) | |
| Dolgencorp, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant recommending that the defendant's motion to dismiss the plaintiff's breach of contract claim be granted, and that the defendant's motion to dismiss plaintiff's Family Medical Leave Act ("FMLA") retaliation claim be denied.[1] For the reasons set forth in this order, the Court adopts the R&R, and grants the defendant's motion to dismiss the plaintiff's state law breach of contract claim, and denies the defendant's motion to dismiss the plaintiff's FMLA retaliation claim.

## I. BACKGROUND

On May 18, 2012, Yvette M. Cook (the "plaintiff"), initiated this action against the above-captioned defendants, Dolgencorp, LLC and Dolgencorp, Inc. (collectively, the "defendant"), alleging two claims under FMLA, and a state law cause of action for breach of contract. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C.,

---

[1] Because Dolgencorp, LLC has represented to the Court that it is the only proper defendant, the "defendant" shall be referred to in the singular. See ECF No. 14 at 1, n.1.

Page 1 of 8



this matter was referred to a United States Magistrate Judge for pre-trial proceedings and an R&R.

In response to the plaintiff's complaint, the defendant filed a motion to dismiss the action, pursuant to Rule 12 of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56. (ECF No. 7). The plaintiff filed a response in opposition thereto, the defendant filed a reply, and the plaintiff filed a sur-reply. On August 30, 2012, the magistrate judge, having considered the defendant's motion as one solely under Rule 12(b), issued an R&R which throughly analyzed the issues and the applicable law. (ECF No. 14). The R&R initially noted that although the plaintiff's complaint had set forth two causes of action under the FMLA (that the defendant unlawfully disciplined her and discharged her from employment as a result of requesting FMLA leave, and that the defendant unlawfully retaliated against her for requesting FMLA leave), the defendant argued in its motion to dismiss that the plaintiff's actual claim was solely a FMLA retaliation claim. Therefore, the defendant's motion to dismiss addressed the plaintiff's FMLA claim only as a retaliation claim, and not as an interference claim. The plaintiff's response addressed the merits of the defendant's motion by arguing the standards for an FMLA retaliation claim, but it did not address the interference claim. Accordingly, the magistrate judge evaluated the plaintiff's FMLA claim solely as a retaliation claim. Applying the standards articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the magistrate judge found that the plaintiff's complaint, on its face, raised allegations sufficient to state a plausible claim of FMLA retaliation. The magistrate judge further found that the plaintiff's state law cause of action for breach of contract was subject to dismissal because the plaintiff had failed to allege, with sufficient specificity, that a contract existed



between the parties. Accordingly, the magistrate judge recommended that the defendant's motion to dismiss be granted as to the contract cause of action. On September 17, 2012, the defendant filed a response in objection to the magistrate judge's R&R, and on October 4, 2012, the plaintiff filed a reply to the defendant's objection.

## II. LEGAL STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted). A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677-78 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(2)(a)). To survive a Rule 12(b)(6) motion to dismiss, a complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (2007) (internal quotation marks and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Requiring that a claim be plausible "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 555, 570. As Twombly teaches, the requirement that a complaint allege plausible grounds for a claim "simply calls for enough facts



to raise a reasonable expectation that discovery will reveal evidence" to prove the alleged claim. Id. at 556.

The "plausibility standard" articulated in Twombly is guided by "[t]wo working principles." Iqbal, 556 U.S. at 678. First, although the Court must accept all allegations in a complaint as true, this "tenet" is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). It follows, then, that a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" will not satisfy Rule 8. Twombly, 550 U.S. at 555, 557.

Second, to the extent there are well-pleaded factual allegations, the Court should assume their truth "and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. The inquiry as to whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Twombly, 550 U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982)). A district court, in weighing a motion to dismiss, must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (quoting Scheuer, 416 U.S. at 236).



### III. DISCUSSION

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1) (2006). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the R&R, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

#### A. THE DEFENDANT'S OBJECTION

The defendant has objected to the R&R on the ground that the defendant's motion is based on an undisputed fact – the date the defendant terminated the plaintiff. The defendant asserts that the magistrate judge erred "in refusing to consider undisputed evidence [affidavits and other exhibits] of [p]laintiff's termination date and in allowing [p]laintiff's FMLA claim to proceed where no amount of discovery would change [p]laintiff's termination date." (ECF No. 15, at 2). The defendant argues that the magistrate judge's recommendation as to "reasonable discovery" is not warranted because its motion is based on the undisputed fact that the defendant did not terminate the plaintiff on May 20, 2010. The defendant asserts that the plaintiff does not dispute receipt of communications from the defendant after May 20, 2010, informing the plaintiff


that she was not terminated and that she should "obtain additional medical certification to extend her leave beyond June 10, 2010." (ECF No. 15, at 2). The defendant further claims that in November 2010 the plaintiff "was invited to call and discuss her continued employment but failed to do so." (ECF No. 15, at 2). Finally, the defendant argues that it was not until six months beyond the termination date alleged by the plaintiff that she was informed she would be terminated if she failed to contact her employer. Accordingly, the defendant requests that this Court grant its motion to dismiss the plaintiff's FMLA claim.

The defendant does not dispute that the plaintiff is an "eligible employee" under the terms of the FMLA. (ECF No. 14, at 4). In order to establish a prima facie case for FMLA retaliation under Title VII, the plaintiff must show that (1) "[s]he engaged in protected activity; (2) that the employer took adverse action against [her]; (3) and that the adverse action was causally connected to the plaintiff's protected activity." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (citing Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989) (citation omitted)).

The plaintiff has alleged that she requested FMLA leave, and therefore engaged in protected activity by requesting FMLA leave. Complaint, ¶¶ 16-17. The plaintiff further alleges that by terminating her employment, the defendant took an adverse employment action against her. Id. at ¶ 22. Finally, through the following allegations, the plaintiff sets forth a claim that the adverse action was causally connected to the plaintiff's protected activity: The plaintiff alleges that she has a son who was born prematurely and suffers from numerous health issues. On April 30, 2010, the plaintiff requested FMLA leave after her son was hospitalized for breathing issues and informed the defendant that she would return to work on or about May 20, 2010. On May



20, 2010, the defendant's assistant manager, Bethany Jones, called the plaintiff and asked if she could work on Thursday, May 20, 2010, even though the plaintiff was usually off on Thursdays because her son had physical and occupational therapy appointments. On May 20, 2010, the plaintiff called in to work because she was ill and tried to inform the defendant that she was going to the doctor, but the defendant hung up on her. While the plaintiff was at the doctor, the defendant left her a message saying she was terminated. The plaintiff believes that she was wrongfully terminated on May 20, 2010. Complaint, ¶¶ 15-22.

The Court agrees with the magistrate judge's conclusion that the plaintiff's allegations have set forth a prima facie case of retaliation, and that her "allegations are sufficient to raise a plausible claim that the [p]laintiff was terminated due to her missed time at work, time that she was entitled to under the FMLA, to survive the [d]efendant's motion to dismiss [p]laintiff's FMLA retaliation cause of action." (ECF No. 14, at 5, 6). The Court also agrees with the magistrate judge that the defendant's argument that the plaintiff was not terminated on May 20, 2010, but on December 2, 2010, is not a basis for a Rule 12 Motion to dismiss. (ECF No. 14, at 7). The Court agrees with the magistrate judge that the plaintiff has raised an issue of material fact sufficient to withstand the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

This Court has carefully reviewed the R&R. In addition, the Court has thoroughly studied the entire record, the pertinent case law, the defendant's objection to the R&R, and the plaintiff's reply thereto. The Court finds that the magistrate judge correctly construed the defendant's motion as one filed pursuant to Rule 12(b)(6), and correctly found that the plaintiff



had set forth allegations that, under Iqbal and Twombly, were sufficient to withstand the defendant's motion to dismiss.

For the reasons set forth in this Order, the Court accepts the conclusions of the magistrate judge, and adopts the magistrate judge's R&R (ECF No. 14) in its entirety. The defendant's motion to dismiss the plaintiff's state law breach of contract claim is granted, and the defendant's motion to dismiss the plaintiff's FMLA retaliation claim is denied. (ECF No. 7).

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

September 23, 2013
Charleston, South Carolina

